IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| **REBECCA RENTZ JAMES,** | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:19CV00021(Lead) |
| | ) | |
| v. | ) | OPINION |
| | ) | |
| **SUBARU OF AMERICA, INC.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |
| | ) | |

*Francis H. Casola and J. Walton Milam III*, WOODS ROGERS PLC, *Roanoke, Virginia, for Plaintiff; Christopher C. Spencer and Miranda G. James*, SPENCER SHUFORD LLP, *Richmond, Virginia, for Subaru of Indiana Automotive, Inc., Subaru of America, Inc., and Subaru Corporation.*

In this products liability personal injury case, the plaintiff has moved for a voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), which motion is opposed by the defendants. For the reasons stated, I will grant the motion and dismiss the action without prejudice.

"A plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant." *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986). Nonexclusive factors relevant to a district court's decision on a Rule 41(a)(2) motion include the opposing party's effort and expense in preparing for trial; excessive delay or lack of diligence on the part of

the movant; insufficient explanation of the need for a dismissal; and the present stage of the litigation, including whether a dispositive motion is pending. *Hobbs v. Kroger Co.*, No. 98-1831, 1999 WL 156045, at *1 (4th Cir. Mar. 23, 1999) (unpublished). In considering a motion for voluntary dismissal, the court "must focus primarily on protecting the interests of the defendant." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). However, "[a] plaintiff's motion to voluntarily dismiss a claim should not be denied absent plain legal prejudice to the defendant." *Ellett Bros., Inc. v. U.S. Fid. & Guar. Co.*, 275 F.3d 384, 388 (4th Cir. 2001). Prejudice does not arise from the prospect of a second lawsuit or the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation. *Davis* at 1273.

The prior proceedings are mildly complicated. This case was removed from state court based on diversity of citizenship and included along with Subaru of America, Inc., two additional defendants, Denso International America, Inc., and Denso Manufacturing Tennessee, Inc., which additional defendants were thereafter dismissed for lack of personal jurisdiction. Op. & Order, Jan. 15, 2020, ECF No. 39. The plaintiff also filed a separate case in this court involving the same claims against Subaru Corporation and Subaru of Indiana Automotive, Inc., Case No. 1:19CV00030. The two cases were consolidated pursuant to Federal Rule of Civil Procedure 42(a)(2), with this case, Case No. 1:19CV00021, being designated as the lead case. Minute Order, Jan. 27, 2020, ECF No. 42.

In her present motion, the plaintiff indicates that she intends to refile an action against the three Subaru defendants, but points out that since there are no motions pending, no trial date set, and discovery has not yet begun, there can be no legal prejudice to the defendants by a dismissal without prejudice. To the contrary, the defendants argue that because the plaintiff likely wishes to file a new suit in another state where the Denso defendants would also be subject to personal jurisdiction, that would produce only more fruitless procedural litigation, since they believe "there is no one jurisdiction in the U.S. in which all of these entities are 'at home.'" Defs' Opp'n 3, ECF No. 50. As an alternative, the defendants urge the court to require as a condition of dismissal that any new action be filed in a Virginia state or federal court.

I do not find the defendants' arguments persuasive. While it may be true that the plaintiff cannot find a place for all five entities to be sued, that is not clearly apparent, and the fact that more litigation in another justification is forthcoming is not the legal prejudice sufficient to bar the plaintiff's motion. For the same reason, I will not condition dismissal on refiling in Virginia.

Accordingly, the plaintiff's motion will be granted. A separate Order will be entered forthwith.

DATED: March 18, 2020

/s/ *JAMES P. JONES*
United States District Judge